UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20413-ALTONAGA

UNITED STATES OF AMERICA

v.

MARTA ELENA ANGELBELLO,

    Defendant.

_____/

## FACTUAL PROFFER

Defendant, Marta Elena Angelbello (hereinafter referred to as "the Defendant"), and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1.      Between approximately February 2018 and January 12, 2021, the Defendant falsely stated and procured false statements made to United States Customs and Border Protection ("CBP") and to the United States Department of Agriculture ("USDA"), about the country of origin of hardwood plywood being imported from China.

2.      At all relevant times, the Defendant was a resident of Florida and citizen of the United States. From 2015 until early 2021, she worked as the office manager at Laval Imports, LLC, also known as Laval Imports Corporation ("Laval Imports").

3.      Laval Imports was incorporated in Florida in November 2011 and did business from an office and warehouse located in the Southern District of Florida, specifically at 11500 N.W. 123rd St., Medley, Florida. Laval Imports, doing business as "Horizon Plywood," is a corporate entity used to sell and to receive payments for plywood imported by at least six related corporate entities (collectively

"the Shell Companies"). Beginning in February 2018 and up until January 12, 2021, the Shell Companies, under the direction and control of two individuals (a married couple), aided and abetted by the Defendant and others, imported plywood that was produced in China but was falsely declared to be: (1) the product of a country other than China, and (2) a product made with a species of wood subject to customs duties and falsely declared as a different species of wood. The false declarations were made to evade the anti-dumping and countervailing duties exceeding 200% on hardwood plywood from China.

4.       The Defendant, in her role as office manager for Laval Imports, and at the direction of the married couple, assembled and transmitted to customs brokers information and documentation regarding, among other things, the plywood's country of origin. These documents falsely reflected that the plywood imported by the Shell Companies was country of origin (that is, manufactured in) Malaysia, Vietnam, Chile, or elsewhere besides China. But in truth and fact the Defendant knew the plywood's country of origin was China. The false information provided by the Defendant was intended to be and was relied upon and used by brokers to submit declarations to CBP. The Defendant on occasion filed the false information directly with CBP through a required Importer Security Filing ("ISF") submission (required in advance of arrival for container ships).

5.       The Defendant, at the direction of the married couple, also provided to customs brokers false information about the genus and species of wood contained in the plywood, when the Defendant did not have reasonable cause to believe the truth of that information. That information is required under the Lacey Act, Title 16, United States Code, Section 3372(f). The information was, at times, materially false in that it claimed the wood was a species of softwood not subject to duties when it was, in fact, a species subject to customs duties.  The Defendant intended for customs brokers to rely on and use this information to

submit declarations to the USDA. And they did.

6. The Defendant maintained folders of information in her office, related to purchase orders for plywood shipments imported by the Shell Companies. Many of these folders contained information pertaining to two legs of the plywood's journey: first, from China to Malaysia, and then, from Malaysia to the United States. Defendant provided to CBP, or to customs brokers to provide to CBP, information pertaining only to the second leg of the journey, effectively hiding the fact that the plywood's country of origin was China.

7. Specifically, in one example, on or about December 17, 2020, a foreign shipping company sent an email to one of the Shell Companies regarding a shipment of four containers of plywood that fulfilled four purchase orders. The email provided the numbers of four shipping containers in which the plywood was imported into Malaysia from China, next to the four different container numbers for the re-packed export of the same plywood into the United States from Malaysia. The Defendant knew that the re-pack was done to conceal the true country of origin of the plywood – China – by making it impossible to track the container that was packed in China through to the United States. The Defendant printed out this email and maintained it in a folder of information pertaining to the four purchase orders. The folder also included a commercial invoice and packing list, showing that the plywood originated in China. But on December 23, 2020, the Defendant used the information regarding the container numbers for the export from Malaysia to complete an electronic ISF filing submitted to CBP in which she declared the merchandise's country of origin to be Malaysia. The Defendant also provided this false information to the customs broker to be used when completing the remaining import documentation for the shipment. These four containers were attempted to be imported but were detained at the Port of Miami on March 9, 2021.

The foregoing information is corroborated through folders of documents seized during the execution of a search warrant (each folder tracked a shipment of plywood from China through a third country and then to the United States through purchase orders, invoices, shipping records, spreadsheets and emails), through statements of a cooperating private individual, bank records, customs import records including container tracking data, and emails, among other forms of evidence.

The Parties agree that the above facts, which do not include all the facts known to the United States and Marta Elena Angelbello, are sufficient to prove her guilt for knowingly making or procuring the making of a false statement in a declaration without reasonable cause to believe the truth of such statement, and the false statement was material to the introduction of or attempt to introduce into the commerce of the United States imported merchandize, all in violation of Title 18, United States Code, Section 542.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 11-13-23

By: _____
KATHERINE W. GUTHRIE
ASSISTANT UNITED STATES ATTORNEY

Date: 11-13-23

By: _____
ERICA PENCAK
TRIAL ATTORNEY

Date: 11-13-23

By: _____
ELINOR COLBOURN
SENIOR COUNSEL FOR WILDLIFE PROGRAMS
ENVIRONMENTAL CRIMES SECTION
UNITED STATES DEPARTMENT OF JUSTICE

Date: 11/13/23          By: _____ on behalf of
                            SAM RABIN
                            ATTORNEY FOR DEFENDANT

Date: 11/13/23          By: _____
                            MARTA ELENA ANGELBELLO
                            DEFENDANT

5